IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| MARY STRASSER NASH,<br><br>             Plaintiff,<br><br>vs.<br><br>DAVID C. MARX,<br><br>             Defendant. | ORDER<br><br>AND MEMORANDUM DECISION<br><br><br>Case No. 1:15-cv-155-TC |

Eight months ago, pro se Plaintiff Mary Strasser Nash (who was granted leave to proceed *in forma pauperis*), filed this 42 U.S.C. § 1983 civil rights action against Judge David C. Marx.[1] Judge Marx presided over a case against Ms. Nash in the Justice Court for North Logan City, Cache County, State of Utah. In her complaint, she alleges that Judge Marx violated her Sixth and Fourteenth Amendment rights through actions he took in his judicial role. (See Civil Rights Compl. at 2-3, Docket No. 3.)

**BACKGROUND**

From what the court can glean from the complaint, Ms. Nash was arrested, inadequately notified of the charge of disorderly misconduct, and forced to enter a plea, all while being denied her right to defense counsel. She also alleges that she was summoned to the municipal court by Judge Marx under threat of arrest to a hearing that was never scheduled or that was canceled without notice to her. The complaint, and the papers attached to the complaint, do not clarify

---

[1] No further action is listed on the docket.

whether she pled guilty or went to trial (but a pre-trial hearing was set for January 2016) (see Ex. F attached to Compl.).

Ms. Nash seeks over $1 million in monetary damages and asks the court to grant the following injunctive relief: "Any and all information regarding my order to appear, charge, finger printing, and verdict weather [*sic*] guilty, not guilty, or dismissed is erased from all files and systems within the State of Utah and the United States[.]" (Civil Rights Compl. at 4 para. 1.a.)  It appears that she is asking the court to vacate the municipal court's criminal judgment (or at least the charge) against her and to order the City of Hyde Park and the City of North Logan (or the court within those jurisdictions) (none of which are parties to this action) to remove all record of her charge and plea from court records.

The court has reviewed Ms. Nash's complaint and has determined that the complaint must be dismissed.  First, Judge Marx is entitled to absolute judicial immunity from suit for monetary damages allegedly caused by the actions at issue in Ms. Nash's complaint.  Second, Judge Marx is entitled to dismissal of the claim for injunctive relief.

## ANALYSIS

A court may dismiss a pro se complaint *sua sponte* (i.e., on its own initiative) "where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."  Perkins v. Kan. Dep't of Corr., 165 F.3d 803, 806 (10th Cir. 1999).

> In determining whether dismissal is proper, we must accept the allegations of the complaint as true and we must construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff.  See Breidenbach v. Bolish, 126 F.3d 1288, 1292 (10th Cir .1997).  Further, we must liberally construe the allegations of a pro se complaint.  See

Haines v. Kerner, 404 U.S. 519, 520–21, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). Id.  Keeping all of those standards in mind, the court concludes that Ms. Nash's complaint must be dismissed as a matter of law.

A judge acting in his official capacity is entitled to absolute judicial immunity from monetary damages.  Lundahl v. Zimmer, 296 F.3d 936, 939 (10th Cir. 2002).  "There are only two exceptions to this rule: (1) when the act is not taken in [the judge's] judicial capacity, and (2) when the act, though judicial in nature, [is] taken in the complete absence of all jurisdiction."  Stein v. Disciplinary Bd. of Sup. Ct. of N.M., 520 F.3d 1183, 1195 (10th Cir. 2008) (internal citation and quotation marks omitted).

All of Judge Marx's actions were taken in his official capacity as a judge.  And the narrow exceptions do not apply here.  Judge Marx was presiding over Ms. Nash's case when the allegedly unconstitutional actions occurred; he was clearly acting in a judicial capacity.  And even though Ms. Nash questions Judge Marx's motive for ruling the way he did,[2] that is not sufficient to allege that Judge Marx acted in the complete absence of all jurisdiction.  "[A] judge does not act in the clear absence of all jurisdiction even if the action he took was in error, was done maliciously, or was in excess of his authority."  Moss v. Kopp, 559 F.3d 1155, 1163 (10th Cir. 2009).  Accordingly, Judge Marx is absolutely immune from Ms. Nash's claim for damages.

---

[2]She says, "I'm not sure of his motive of [sic] doing this.  Maybe he wants to teach me a lesson because he didn't like that without threat [sic], I swore at police officers.  Maybe he is a friend of the defense counsel he appointed and wants to protect him for not doing his job.  Maybe he wants to protect the prosecutor who refused to help my husband and children who were victims of an attempted carjacking.  Maybe he wants to protect a system of income for the city in lieu of my inalienable rights protected under the Sixth Amendment of the United States Constitution.  Maybe it is just how things have always been done in Hyde Park and other parts of Utah and the United States, but it isn't acceptable in a people representative government regardless."  (Compl. at 3.)

See Ledbetter v. City of Topeka, Kan., 318 F.3d 1183, 1189 (10th Cir. 2003) (dismissing § 1983 claim against municipal judge on absolute immunity grounds).

Ms. Nash is also not entitled to injunctive relief from Judge Marx.  Generally speaking, a plaintiff in a § 1983 case may obtain "injunctive relief to guard against continuing (or future) governmental misconduct."  Lemmons v. Law Firm of Morris & Morris, 39 F.3d 264, 267 (10th Cir. 1994) (emphasis added).  But Ms. Nash's request does not fall within that category of allowable relief.  Here, she essentially asks this court to issue a mandate ordering Judge Marx to vacate his past rulings and reverse the actions that were taken during the municipal court's disorderly conduct proceedings.  This court has "'no authority to issue such a writ [of mandamus] to direct state courts or their judicial officers in the performance of their duties.'"  Knox v. Bland, 632 F.3d 1290, 1292 (10th Cir. 2011) (quoting Van Sickle v. Holloway, 791 F.2d 1431, 1436 n.5 (10th Cir. 1986)).  Accordingly, her claim for injunctive relief fails as a matter of law.

## ORDER

For the reasons set forth above, the court dismisses Ms. Nash's complaint.  The Clerk of the Court is directed to close the case.

SO ORDERED this 26th day of August, 2016.

BY THE COURT:

*Tena Campbell*
TENA CAMPBELL
U.S. District Court Judge